**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AMERICAN ECONOMY INSURANCE
COMPANY,

       Plaintiff,

v.                                                      Case No. 3:12-cv-1094-J-32JBT

TRAYLOR/WOLFE ARCHITECTS,
INC., a Florida corporation, RICKY
LANE TRAYLOR, an individual, and
PATRICK WHELAN, an individual,

       Defendants.

_____

**ORDER ON DEFENDANT WHELAN'S ORAL MOTION**
**TO STAY AND PLAINTIFF'S MOTION TO STRIKE**

This is a declaratory judgment action on insurance coverage.  On June 12, 2014, the Court held a hearing on Plaintiff American Economy Insurance Company's motion for summary judgment.  (See Doc. 37.)  During the hearing, Defendant Patrick Whelan orally moved that the Court stay this case pending resolution of the underlying state court personal injury action.  (Id.; Doc. 38 at 44.)  Counsel for Whelan represented that the state court had the same issues and the same record before it when it denied summary judgment (Doc. 38 at 29), so this Court directed Whelan to submit the state court summary judgment record for the Court's reference in deciding the motion to stay (id. at 65).  The Court also gave American Economy a chance to respond to the motion to stay in writing and Whelan a chance to add any further argument in a written reply.  (Id. at 63-64; Doc. 37.)  American Economy filed

its response (Doc. 41) as well as something styled a "Notice of Objection to Supplementation of the Record and Motion to Strike" (Doc. 40).   Whelan did not file either a reply to his motion to stay or a response to the motion to strike, but did submit to chambers copies of the briefing and hearing transcript on summary judgment in the state court.   The Court now rules on Whelan's motion to stay and American Economy's motion to strike.

## I.   AMERICAN ECONOMY'S MOTION TO STRIKE

The Court begins with the motion to strike.   American Economy objects to the submission of the state court materials on the grounds that Whelan did not formally file the state court materials in the record in this case or previously disclose them during discovery.   (Doc. 40 at 2-3.)   American Economy takes particular issue with an affidavit from Whelan's expert Richard Brock, submitted to the state court, but not in the summary judgment briefing in this Court.[1]   (Id. at 4.)

The Court finds that the motion to strike is due to be denied in part and is moot in part.   The motion is due to be denied on the grounds that, even under the cases American Economy cites in opposition to the motion to stay, the extent to which two cases overlap is a factor for the court to consider in deciding whether to stay one case in deference to another.   Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 16 (Fla. 2004) ("One consideration is what issues are involved in the two actions."); FCCI

---

[1] Continuing a pattern the Court has noticed in this case, American Economy's briefing on the motion to strike seems overwrought.   Hyperbolic sentences such as "It is difficult to imagine a situation that presents a greater risk of harm" when referring to the late disclosure of these affidavits are neither true nor effective advocacy.

Commercial Ins. Co. v. Armour, 132 So. 3d 864, 866 (Fla. 2d DCA 2014) (noting that "[w]hether the two actions are mutually exclusive" is a factor, though common factual questions do not determine whether a stay is appropriate); Century Sur. Co. v. de Moraes, 998 So. 2d 662, 665 (Fla. 4th DCA 2009) (listing mutual exclusivity among the factors to consider); see Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005) (considering whether the actions are parallel and address similar issues in deciding whether to stay declaratory judgment action). The state court materials are helpful in evaluating any overlap, so the motion to strike should be denied in part.

The motion is otherwise moot because (1) American Economy made the state court materials part of the record by attaching them to its motion to strike, and (2) the Court does not intend to consider the materials Whelan submitted to the state court as supplementation to summary judgment practice in this case. The Court agrees that, to the extent the materials include new affidavits of Ricky Lane Traylor and Richard Brock, they were not timely disclosed and will not be considered in deciding the summary judgment motion here. However, the Court will consider the state court's ruling on summary judgment for whatever persuasive value it might have in this case.

## II.    WHELAN'S MOTION TO STAY

Turning to the motion to stay, Whelan requests a stay largely on grounds of judicial efficiency and the potential for conflicting rulings between the courts. (Doc. 38 at 44.) American Economy counters that this request comes far too late in the litigation to support either a motion to stay or some sort of defense based on preclusion.

(Doc. 41 at 1-3.)   According to American Economy, the Florida Supreme Court furnished the applicable factors on whether to grant a stay in <u>Higgins</u>, and the factors counsel against a stay.   (<u>Id.</u> at 4-6.)   The Court agrees that a stay is not appropriate here, though under a different standard.

Florida substantive law may apply to the claims in this case, but "[t]his is an action for declaratory relief pursuant to 28 U.S.C. § 2201" (Doc. 1, ¶ 1), not the Florida declaratory judgment statute.   The grounds for a federal court to stay a declaratory judgment action pending a related state proceeding are those adopted in <u>Brillhart v. Excess Insurance Co. of America</u>, 316 U.S. 491 (1942), reaffirmed in <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995), and then elaborated upon by the Eleventh Circuit in <u>Ameritas Variable Life Ins. Co. v. Roach</u>, 411 F.3d 1328 (11th Cir. 2005).

The federal Declaratory Judgment Act "'is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'"   <u>Ameritas</u>, 411 F.3d at 1330 (quoting <u>Wilton</u>, 515 U.S. at 287).   The act merely provides courts with the ability, but not the duty, to declare the rights of parties.   <u>Id.</u>   Thus, federal courts have the discretion "to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in state courts" where certain enumerated factors weigh in favor of deference to the state's interests in resolving the issues.   <u>Id.</u> at 1331 (quoting <u>Brillhart</u>, 316 U.S. at 495).   "'[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.'"   <u>Id.</u> at 1330 (quoting <u>Brillhart</u>, 316 at 495).

First, though, the actions must be parallel such that they present the same issues between the same parties; the two cases here are not.  The Court disagrees with Whelan's suggestion that the state case could resolve the issues in this case.  For one thing, American Economy is not a party to the underlying state case.  Only this Court has all the parties before it.  Moreover, though the legal issues are similar in each case, this case deals with a question of insurance contract law, while the state case presents a question of tort law.  A stay is therefore inappropriate.

While the Florida Supreme Court in <u>Higgins</u> interpreted the Florida declaratory judgment statute, and therefore does not supply the applicable rule in this case, some of the principles of fairness elucidated in that case support going forward with this case.  <u>See</u> 894 So. 2d at 15-17.  For instance, resolution of insurance coverage will likely help settle the parties' positions and provide them some level of clarity as they decide how to proceed in the underlying state case.

Finally, the Court agrees with American Economy that Whelan's request for a stay is untimely.  Whelan waited nearly six months after filing his response to summary judgment to orally ask for a stay during the hearing on American Economy's motion for summary judgment.  The deadlines for both discovery[2] and dispositive motions have long since passed.  (Case Management & Scheduling Order, Doc. 15.) American Economy is entitled to a ruling on its motion for summary judgment.

---

[2] It is worth noting that the parties in this case did not simply rely on discovery taken in the state case.  To the contrary, the key evidence presented on summary judgment in both cases was Ricky Lane Traylor's deposition from this case.  (<u>Compare</u> Docs. 22, 26 <u>with</u> Doc. 40-1.)

Accordingly, it is hereby

**ORDERED**

1.      Defendant Patrick Whelan's <u>Ore</u> <u>Tenus</u> Motion to Stay (Doc. 36) is **DENIED**.

2.      Plaintiff's Notice of Objection to Supplementation of the Record and Motion to Strike (Doc. 40) is **DENIED in part** and **MOOT in part**.

      **DONE AND ORDERED** at Jacksonville, Florida this 6th day of August, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies:

Counsel of record